*E-FILED - 5/7/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE KELLY, | No. C 04-2643 RMW (PR) |
| Petitioner, | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| v. | |
| D.K. BUTLER, Warden, | |
| Respondent. | |

Petitioner, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 11, 2006, this court denied the petition on the merits and entered judgment in favor of respondent. On October 13, 2006, petitioner filed a notice of appeal. The court construes petitioner's notice of appeal as a request for a certificate of appealability. See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997). For the reasons set forth below, the court will DENY the certificate of appealability.

**DISCUSSION**

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Order Denying Certificate of Appealability
P:\pro-se\sj.rmw\hc.04\Kelly643coaden

The certificate must indicate which issues satisfy this standard. See id. § 2253(c)(3).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000).

Except for substituting the word "constitutional" for the word "federal," section 2253(c)(2) codified the standard announced by the United States Supreme Court in Barefoot v. Estelle, 463 U.S. 880, 892-93 (1983). Slack, 120 S. Ct. at 1603. In Barefoot, the court explained that "a substantial showing of the denial of [a] federal right" means that a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner], or that the questions are adequate to deserve encouragement to proceed further." Barefoot, 463 U.S. at 893 n.4 (citations and internal quotations omitted; emphasis in original). Any doubts about whether the Barefoot standard has been met must be resolved in petitioner's favor. Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000).

The court denied the instant petition after careful consideration of the merits. The court found no violation of petitioner's federal constitutional rights in the underlying state court proceedings. Petitioner has failed to demonstrate that jurists of reason would find it debatable whether this court was correct in its ruling. Accordingly, the court will DENY the certificate of appealability.

**CONCLUSION**

Petitioner's request for a certificate of appealability is DENIED. The clerk shall forward this order, along with the case file, to the United States Court of Appeals for the Ninth Circuit from which petitioner may also seek a certificate of appealability. United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Dated: _____5/5/08_____

*Ronald M. Whyte*

RONALD M. WHYTE
United States District Judge