*E-FILED - 11/30/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT LEE KELLY,

      Petitioner,

  v.

D.K. BUTLER, Warden,

      Respondent.

                      /

No. C 04-2643 RMW (PR)

ORDER DENYING MOTION TO SET ASIDE JUDGMENT

Petitioner, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On September 11, 2006, this court denied the petition on the merits and entered judgment in favor of respondent.  On May 7, 2008, this court denied a certificate of appealability ("COA").  On June 24, 2008, the Ninth Circuit also denied a COA.  On August 23, 2010, petitioner filed the instant motion to set aside the judgment.

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60.  Samish Indian Tribe v. Washington, 394

Order Denying Motion to Set Aside Judgment
P:\pro-se\sj.rmw\hc.04\Kelly643coaden

**United States District Court**
For the Northern District of California

F.3d 1152, 1157 (9th Cir. 2005). "It has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (internal quotations omitted). Thus, to reopen a case under Rule 60(b)(6), a party must establish "both injury and circumstances beyond his control that prevented him from proceeding in a proper fashion." Id. (internal quotations omitted).

In his motion, petitioner claims that he did not know that this court denied his COA until April 2010. Petitioner has not demonstrated that any judgment was erroneous. Nor has he shown how he was injured by the delay in receiving notice. Accordingly, petitioner's motion to set aside the judgment is DENIED. No further filings will be accepted in this closed case.

IT IS SO ORDERED.

Dated: 11/30/10

_Ronald M Whyte_

RONALD M. WHYTE
United States District Judge

Order Denying Motion to Set Aside Judgment
P:\pro-se\sj.rmw\hc.04\Kelly643coaden                    2

**United States District Court**
For the Northern District of California